IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LESLIE REDMOND, #31204-177, )
       Petitioner, )
       )
v. ) 3:08-CV-1129-K
       ) (3:03-CR-377-K)
UNITED STATES OF AMERICA, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Petitioner is presently confined at FCI Beaumont-Medium in Beaumont, Texas. The court issued process in this case.

Statement of the Case: Petitioner was named in a ten-count superseding indictment which charged him with four armed bank robberies in violation of 18 U.S.C. § 2113(a) and (d) (counts 1, 3, 5, and 8), two bank robberies in violation of 18 U.S.C. § 2113(a) (counts 7 and 10), and four offenses of using, carrying and brandishing a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (counts 2, 4, 6, and 9). *United States v. Redmond*, 3:03cr377-K (N.D. Tex.). Pursuant to a plea agreement, Petitioner pled guilty to all

six bank robberies and two of the four firearm counts. On April 21, 2005, the District Court assessed punishment as follows: 12 months' imprisonment on the six robbery counts to run concurrently with each other, 7 years on the first firearm count to run consecutive to the robbery counts, 25 years on the second firearm count, a three-year term of supervised release, and $16,638 in restitution. The remaining counts were dismissed on the Government's motion in accordance with the plea agreement. Petitioner appealed. The Fifth Circuit dismissed the appeal as frivolous in light of counsel's brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). *See United States v. Redmond*, No. 05-10645 (5th Cir. Aug. 21, 2007), *cert. denied* (Feb. 19, 2008).

In this timely § 2255 motion Petitioner alleges he received ineffective assistance of counsel at trial, the government breached the plea agreement, the trial court imposed a sentence that was substantively and procedurally unreasonable, and appellate counsel rendered ineffective assistance.

In response to the court's order to show cause, the government filed a response, and Petitioner filed a reply.

Findings and Conclusions: At the outset, the court notes that Petitioner's lengthy pleadings seek to obfuscate the primary reason why he agreed to plead guilty in accordance with the plea agreement – to avoid very high statutory, mandatory minimum sentences on the firearm counts. 18 U.S.C. § 924(c)(1) prescribes a mandatory minimum sentence of 7 years for the first firearm conviction (in addition to the punishment provided for the underlying crime of violence), and a mandatory minimum sentence of 25 years "[i]n the case of a second or subsequent conviction under this subsection." It has long been established that the 25-year mandatory minimum sentence applies to a second or subsequent conviction, which arises from the same

prosecution as the first, regardless of whether the defendant was convicted by plea, by a jury or by a judge. *Deal v. United States*, 508 U.S. 129, 131-32, 113 S. Ct. 1993, 1996 (1993); *see also United States v. Hebert*, 131 F.3d 514, 524-525 (5th Cir. 1997).

If convicted of all four firearm counts, Petitioner would have faced at the very least a mandatory minimum sentence of 82 years imprisonment (7 years for the first firearm charge, and 25 years each for the remaining three firearm counts). By any standard, the plea agreement, which limited his sentencing exposure to two firearm counts (carrying an aggregate mandatory minimum sentence of 32 years) was a very favorable disposition of the criminal charges.

In his first ground, Petitioner contends his trial counsel rendered ineffective assistance. To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052 (1984); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Petitioner alleges counsel rendered ineffective assistance during the plea proceedings because she failed to advise him of the essential elements of the crimes charged in the indictment and the terms of the plea agreement. (Memorandum attached to § 2255 Mot. at 4). In particular, he claims that counsel failed to advise him of the definition of dangerous weapon, and informed him that a suppression hearing would be unnecessary. (*Id.* at 5). Petitioner also alleges that he was innocent of the firearm charges because he did not possess any weapon. (*Id.* 4). While Petitioner informed defense counsel and the prosecuting attorney of this fact during plea

3

negotiations, they allegedly advised him that it did not matter since a guideline sentence was being negotiated. (*Id.*). Lastly, Petitioner alleges that counsel coerced him to plead guilty.

Movant's own statements under oath at the re-arraignment hearing refute each of the above allegations. During the plea hearing, Petitioner waived the reading of the superseding indictment. (Rearraignment Tr. at 11). He testified that he had read it and understood the charges against him and that he faced a maximum term of life imprisonment. (*Id.* at 10-11 and 17-20). The maximum penalty was also conspicuously set out in the plea agreement, which Petitioner signed, and which was summarized in open court during the plea hearing. (Plea Agreement at 2-3, and Re-arraignment Tr. at 14-21). The factual resume also specifically noted that the term of imprisonment for the firearm counts was "not less than 32 years (7 years for Count 2 and 25 years for Count 4 to be served consecutively) and not more than life." (Factual Resume at 3). Contrary to his allegations, Petitioner knew the essential elements of the offenses to which he pled guilty, including the firearm counts, and the penalty that he faced. At re-arraignment the prosecutor reiterated the essential elements of each crime. (Re-arraignment Tr. at 11-13). Movant also confirmed the accuracy of the factual resume which he had previously signed. (Re-arraignment transcript at 21-22). In pertinent part the factual resume stated that Petitioner had committed each of the essential elements, including the carrying or brandishing of a firearm during the four armed robbery offenses. (Factual Resume at 4-10).

The District Court also advised Petitioner of the rights that he was waiving by pleading guilty. (Re-arraignment Tr. at 4-5). Throughout the guilty plea hearing, Petitioner assured the Court that he wished to proceed with his guilty plea and forfeit his right to a jury trial. (*Id.* at 14-15). Petitioner also waived his right to a suppression hearing. (*Id.* at 22-23). With respect to his trial counsel, Movant insisted that he was satisfied with his counsel's performance, and that no

one had attempted in any way to force him to plead guilty, made any promises, or predicted his sentence. (Re-arraignment Tr. at 13 and 14-16).

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

In addition, it is well established that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment. *United States v. Araiza*, 693 F.2d 382, 384-385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S. Ct. 663 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir. 1978)).

Movant cannot establish that his counsel's performance during the plea proceedings was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

Next Petitioner complains about counsel's ineffective assistance during sentencing. He asserts that counsel failed to object to the Presentence Investigation Report (PSR). (Memorandum at 6). At sentencing, however, Petitioner and his counsel both advised the court that they had no objections to the PSR. (Sentencing Tr. at 3 and 15). Counsel's admission at sentencing that she failed to file a notice to that effect with the probation office is immaterial. (*Id.* at 3). Moreover, as noted above, Petitioner's admissions in the Factual Resume (that he carried brandished a firearm during the four armed robberies), and the applicability of mandatory minimum sentences to the firearm counts, foreclose all his sentencing arguments. Counsel is not required to raise frivolous objections. *United States v. Preston,* 209 F.3d 783, 785 (5th Cir.2000)

(citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir.1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").

The remaining two claims of ineffective assistance of counsel at sentencing are patently frivolous. Petitioner accuses counsel of failing to "act as an advocate" and relying instead on her "familiarity" with the court and the prosecuting attorney. (Memorandum at 7). He alleges nothing apart from relying on the judge's statement that he, defense counsel and the prosecuting attorney had practiced together in state court. While the Court must construe a *pro se* § 2255 motion liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (conclusory allegations cannot serve as basis for a claim of ineffective assistance of counsel in § 2255 proceeding).

Petitioner also accuses counsel of failing to object to the government's breach of the plea agreement at sentencing. (Memorandum at 7). As noted above, the firearm counts carried mandatory minimum sentences of which Petitioner was well aware. No breach of the plea agreement could possibly have happened in this case. As such, counsel had no basis to object to any alleged breach of the plea agreement at sentencing. Movant's claim of ineffective assistance of counsel at sentencing should be denied.

In his second and third grounds, Petitioner reiterates his arguments that the government breached the plea agreement and that his sentence was unreasonable. These contentions are patently frivolous. Since the firearm counts carried mandatory minimum sentences, of which

6

Petitioner was well aware, no breach of the plea agreement occurred. Moreover, any contention that his sentence was unreasonable was waived by the plea agreement. (Plea Agreement at ¶ 11).

Lastly, Petitioner claims that he received ineffective assistance of appellate counsel. He asserts that counsel filed an *Anders* brief, instead of urging on appeal two of his issues – that he did not possess or brandish a weapon during the armed bank robberies, and that the government breached the plea agreement. When a Petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746 (2000). Petitioner cannot make the above showing. As noted above, all of his claims, including the two that he wished to raise on appeal, lacked any merit. This ground should be denied.

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DENIED.

A copy of this recommendation will be transmitted to Petitioner and counsel for the Government.

Signed this 23rd day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.